**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4482**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

   v.

ROBERT EARL LOWRY,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. James C. Fox, Senior District Judge. (2:02-cr-00013-F-1)

Submitted: March 16, 2017                  Decided: March 21, 2017

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Earl Lowry appeals the district court's judgment order revoking his supervised release and sentencing him to 10 months in prison. On appeal, Lowry contends that his sentence is plainly substantively unreasonable because his supervised release violations were relatively minor, he has taken steps to address his substance abuse problem, and he is committed to maintaining employment. Finding no reversible error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release," *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013), and thus, in examining a revocation sentence, we strike "a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences," *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Webb*, 738 F.3d at 640 (internal quotation marks omitted). In conducting reasonableness review in the supervised release revocation context, "we follow generally the procedural and substantive considerations" used in reviewing original sentences. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). If we find a sentence to be unreasonable, we must then decide "whether it is plainly so." *Webb*, 738 F.3d at 640 (internal quotation marks omitted).

Here, Lowry solely challenges the substantive reasonableness of his sentence. A revocation sentence is substantively reasonable if the district court "sufficiently state[s] a proper basis" for concluding the defendant should receive the sentence imposed, up to the

2

statutory maximum. *Crudup*, 461 F.3d at 440. Because Lowry's sentence is within the policy statement range, it is presumed reasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir.), *cert. denied*, 136 S. Ct. 494 (2015).

We conclude that Lowry has failed to rebut the presumption of reasonableness accorded to his sentence. The district court aptly observed that Lowry had demonstrated "a cavalier attitude towards supervision" in the past, and thus, a sentence of imprisonment at the upper end of the policy statement range was warranted. Undoubtedly, the district court's statements at the sentencing hearing reflect that it considered Lowry's repeated disregard for the conditions of his supervision, even after the court displayed leniency by imposing a curfew when Lowry tested positive for cocaine about six months into his term of supervised release. *See Crudup*, 461 F.3d at 440 (considering district court's past leniency in substantive reasonableness analysis). Lowry took advantage of the district court's mercy by violating three more conditions of his supervision and again using drugs in the six months that followed. Ultimately, the district court reasonably determined that a 10-month sentence was necessary to deter Lowry's conduct. *See Webb*, 738 F.3d at 642 (recognizing that deterrence is appropriate factor for court to consider in imposing revocation sentence). Furthermore, we decline Lowry's invitation to reweigh the sentencing factors considered by the district court. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the [18 U.S.C.] § 3553(a) factors").

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*